**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**Debra Brooks, Taunni Sanders,
and Angel Slayton,**

        **Plaintiffs,**        **Civil Action No.: 11-CV-11551**

    **vs.**        **District Judge George Caram Steeh**

        **Magistrate Judge Mona K. Majzoub**

**Detroit Baptist Manor,
and Elizabeth Goleski,**

        **Defendants.**

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL [58] AND DENYING PLAINTIFFS' MOTION FOR
PROTECTIVE ORDER [45]**

This matter comes before the Court on Plaintiffs' Fourth Motion to Compel (docket no. 58) and Plaintiffs' Motion for Protective Order (docket no. 45). Defendants responded to Plaintiffs' Motion for Protective Order (docket no. 53) and Motion to Compel (docket no. 61), and the parties filed a Joint Statement of Resolved and Unresolved Issues Regarding Plaintiffs' Motion to Compel (docket no. 64). The district court has referred these matters to this Court. (Docket nos. 48, 59). The parties have fully briefed the motions; the Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.    Plaintiffs' Fourth Motion to Compel**

The information at issue in Plaintiffs' discovery requests concerns Plaintiff Slayton's alleged wrongful conduct in granting herself Administrator access to Defendants' computer system and in

1

accessing the system remotely. Defendants raise this alleged wrongdoing as good cause for Slayton's termination. Plaintiff contends that she did not–and cannot–access the computer system from her home.

In their effort to determine how Defendants can show that Slayton committed any of the alleged wrongful acts, Plaintiffs served Defendants with the following Request for Production of Documents on March 15, 2012:

> Any and all documents or things that indicate that any of the Plaintiffs remotely accessed data (of any kind) stored in any computer owned by Defendants, including but not limited to the pictures of the screen or work prepared by Jonathon Abramson as referenced by Goleski in her deposition on March 13, 2012.

In response, Defendants provided eight pages of illegible "screen shots." Defendants later provided legible screen shots that Defendants argue prove Slayton's wrongful conduct.

Not satisfied with the document production, and believing that Defendants must have more information on hand, Plaintiffs served Defendants with the following Request for Production of Documents on May 4, 2012:

> The application, security and systems event logs for each date you claim that any of the Plaintiffs accessed the Detroit Baptist Manor computers.

Defendants responded by stating that the request was "vague" and "overbroad" and that they have been unable to gather the information necessary to respond properly.

Despite being captioned a Motion to Compel, Plaintiffs' motion is, in substance, a motion to test Defendants' affirmative defense regarding Plaintiffs' improper computer network access. Specifically, Plaintiffs argue that Defendants should be precluded from raising Slayton's alleged wrongful conduct because Defendants have failed to produce any evidence of such conduct. Defendants argue that the screen shots produced in response to the March 15, 2012 Request for

Production of Documents show that Slayton gave herself administrative access and that she accessed the computer remotely using the Logmein.com service. Defendants specifically point to "cookies" on Slayton's hard drive as evidence of her remote access, the partial screen shots of which were provided in Defendant's March document production. Defendants indicate that the only other information that they have in their possession is "temporary, unreadable computer gibberish, which indicates that there are temporary files implicating improper network access by Plaintiff Slayton." (Def.'s Resp. ¶ 11.)

## II.     Discovery Standard

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Such a request under Rule 34 is limited, however, to items "in the responding party's possession, custody, or control." Fed.R.Civ.P. 34(a)(1).

The Court finds that there is nothing "vague" or "overbroad" with regard to Plaintiffs' Request for Production of Documents on May 4, 2012. Plaintiffs requested system and event logs for dates that Defendant's allege that Slayton accessed its network remotely. As Plaintiffs contend, these system logs either exist or they do not. Similarly, the additional documents requested in Plaintiffs' March 13, 2012 Request for Production either exist or they do not.

To the extent that such documents exist and are in the possession, custody, and control of

Defendants, the Court will order Defendants to produce the documents in full, including producing electronically stored information "in a form or forms in which it is ordinarily maintained or in a reasonably usable form." Fed.R.Civ.P. 34(b)(2)(E)(ii). This may include electronic copies of the log files requested by Plaintiffs and electronic copies of the "cookies" relied on by Defendants.[1] If, however, no such documents exist or are not in the possession, custody, or control of Defendants, the Court will order Defendants to produce an affidavit stating that Defendants do not have the documents within their possession, custody, or control and an affidavit stating the specific steps taken to locate the documents, including the location, date, and time of attempts to procure or locate the documents.

### III. Plaintiffs' Motion for Protective Order

Rule 26(c) allows the Court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters. Fed.R.Civ.P. 26(c). Rule 45 allows the court to enforce subpoenas that issued from the court and to protect persons subject to subpoenas. Fed.R.Civ.P. 45. The party seeking a protective order has the burden of showing that good cause exists for the order. *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir.2001). To show good cause, the movant must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on conclusory statements. *Id.*

---

[1] The Court notes that Defendants attached documents as Exhibit 12 to their Motion for Summary Disposition (docket no. 62) that they apparently did not produce in response to Plaintiffs' discovery request, including printouts of the raw "cookie" data that Defendants' forensic analysts used to create the access-record printout included in the Exhibit.

Defendants seek to depose Plaintiff Slayton's husband, Jerome Slayton, Sr. ("Mr. Slayton") and her son, Jerome Slayton, II ("Mr. Slayton II"). Plaintiffs have not voluntarily produced either Mr. Slayton or Mr. Slayton II for depositions. Thus, Defendants have served them with the subpoenas at issue in this Motion.

At the time Defendants terminated Plaintiff Slayton on September 11, 2009, Mr. Slayton and Mr. Slayton II were also employed by Defendants. According to Defendants, Mr. Slayton was in Defendant Goleski's office immediately following Plaintiff Slayton's termination, and Mr. Slayton and Plaintiff Slayton have been to Defendant Goleski's home. Mr. Slayton II resigned from his employment with Defendants on December 14, 2009. Defendants believe that Plaintiffs will call Messrs. Slayton and Slayton II to testify at trial and that the information they possess is reasonably calculated to lead to admissible evidence.

Plaintiffs object to the subpoenas as harassing Plaintiff Slayton because neither Mr. Slayton nor Mr. Slayton II are on Plaintiffs' witness list and because "they have only limited knowledge of the facts of this case." (Pl.s' Mot. ¶ 12.) Nevertheless, Plaintiffs do not seek to quash the subpoenas;[2] instead, Plaintiffs ask the Court to (1) order that the depositions of Mr. Slayton and Mr. Slayton II be taken at the courthouse to avoid any obstructions by Defendants' counsel, and (2) limit the scope of the depositions.

**A.      Location of Depositions**

Defendants do not object to Plaintiffs' request that the depositions be held at the courthouse.

---

[2]Even if Plaintiffs had moved to quash the subpoena under Rule 45(c), the Court would deny the Motion because, as Defendants articulate, Plaintiffs "have interjected these individuals as witnesses," even if Plaintiffs have not included them on their witness list. (Def.s' Resp. Br. at 2.)

5

To the contrary, Defendants believe that such a requirement would also avoid any obstruction by Plaintiffs' counsel. Nevertheless, counsel is expected at all times to act civilly and cooperate with discovery. Although the parties have each provided examples of discord during prior depositions, the Court expects counsel to act appropriately and in accordance with the Rules while conducting these depositions. Therefore, the Court will not order that the depositions of Jerome Slayton, Sr. and Jerome Slayton, II be conducted at the courthouse. The Court will order Mr. Slayton and Mr. Slayton II to comply with the subpoenas and will order counsel to schedule the depositions accordingly.

**B.     Scope of the Depositions**

On the evening of December 13, 2011, Defendants' counsel called Plaintiffs' counsel to inform her that Mr. Slayton had allegedly committed criminal activity while working for Defendants.[3] The nature of the conversation between counsel is contested, but it suffices to say that Plaintiffs' counsel did not and does not represent Mr. Slayton.

Plaintiffs argue that allowing Defendants to inquire into any alleged criminal wrongdoing by Mr. Slayton during his deposition would present him with the need to hire a criminal defense attorney to represent him at the deposition, which would be an undue burden and expense on Mr. Slayton, thereby implicating the need for a protective order under Rule 26(c). Thus, Plaintiffs ask the Court to limit both depositions to facts related to Plaintiff Slayton's termination and to bar any questions related to Mr. Slayton's alleged criminal conduct.

Defendants have indicated no desire to depose Mr. Slayton II regarding any matter unrelated

---

[3]To protect the confidential nature of the information provided by Plaintiffs under seal, the Court will not discuss the nature of the accusations in this Opinion and Order.

to Plaintiff Slayton's termination or its defense of that termination.  Defendants do argue, however, that Plaintiffs opened the proverbial door to any questions regarding Mr. Slayton's alleged wrongdoing by asking Defendant Goleski about his conduct during Defendant Goleski's deposition.

Plaintiffs' concern that Mr. Slayton may open himself up to criminal liability if he should attend the deposition without criminal counsel is a serious one.  The Court is aware that there would be a cost involved in obtaining counsel and that Mr. Slayton would likely have to bear that burden. Nevertheless, Plaintiffs have provided no specific facts showing clearly defined and serious injury resulting from Defendant engaging in this line of questioning.  Plaintiffs merely rest on their conclusive argument that Mr. Slayton *may* have to hire an attorney, and if an attorney is necessary, it is not an undue burden.  Therefore, the Court finds that this argument is insufficient to support a showing of good cause to grant the protective order.

Even without the Court's intervention, however, the scope of Defendants' discovery is limited by Rule 26(b)(1).  That is, Defendants may not inquire into matters that are not relevant to any parties' claim or defense. Fed.R.Civ.P. 26(b)(1).  Therefore, any questioning of Mr. Slayton or Mr. Slayton II need not be limited by a protective order.  Again, counsel is expected to act in accordance with the Rules.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to compel the production of documents in response to their March 15 and May 4 Requests for Production of Documents is **GRANTED.**  Defendants will serve full and complete responses no later than September 21, 2012.

**IT IS FURTHER ORDERED** that if no such documents exist or if such documents are not in the possession, custody, or control of Defendants, Defendants must produce no later than September 21, 2012, an affidavit stating that Defendants do not have the documents within their

possession, custody, or control and include in said affidavit a statement describing the specific steps taken to locate the documents, including the location, date, and time of attempts to procure or locate the documents.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for a protective order is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs must produce Jerome Slayton, Sr. and Jerome Slayton, II for depositions in compliance with the subpoenas served by Defendants.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  September 10, 2012          s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: September 10, 2012           s/ Lisa C. Bartlett
                                    Case Manager